IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 19-0949-WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| JOEY UNKESTINE, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM**

The United States respectfully submits this sentencing memorandum. It requests that the Court accept the plea agreement and asserts that full consideration of the relevant sentencing factors should lead the Court to the conclusion that a sentence of forty-six months, followed by three years supervised release with the conditions contained in attachment A of the presentence investigation report, Doc. 27-1, and a $100 special penalty assessment is appropriate.

**BACKGROUND**

On October 18, 2018, the Defendant, Joey Unkestine, rolled over his vehicle. Doc. 27 ¶ 11, at 5 ("PSR"). He was drunk. Id. Medical testing later determined Unkestine's BAC level was .346, well over the legal limit. Id. Opioids and methamphetamine were also found in Unkestine's system, but he insists that he had used no illegal drugs on the day he rolled over the vehicle. Id. ¶¶ 17, 20, at 6. An accident reconstructionist later determined that Unkestine had been speeding along the highway between 74 and 93 miles per hour, well over the posted 55 mile per hour speed limit. Id. ¶ 18, at 6.

Three other people were in the car with Unkestine when he rolled it over: his brother, his girlfriend, and his girlfriend's young son. Id. ¶¶ 12-14, at 5-6. Unkestine's brother and girlfriend

1

drank alcohol with Unkestine while Unkestine was driving.  Id. at 17, at 6.  Unkestine's brother and girlfriend perished from the rollover, but the boy survived with only scrapes and bruises.  Id. ¶¶ 12-14, at 5-6.  Unkestine subsequently pled guilty to two charges of involuntary manslaughter and one count of child endangerment.  Doc. 22.

Unkestine has several convictions involving alcohol.  PSR ¶¶ 54-66, at 9-15.  All are tribal. Id.  It is unknown whether Unkestine had legal counsel for any of those convictions.  Id.

## ARGUMENT

The United States respectfully requests that the Court accept the plea agreement and impose a forty-six month sentence.  Forty-six months is an upper-end of the guideline sentence. PSR ¶ 92, at 19.  The United States respectfully submits that an upper-guideline sentence in this case reflects the seriousness of the offense and the other relevant 18 U.S.C. § 3553(a) factors.  Two people died and a young child's health was put in danger.  This court has indicated that it does not believe a guideline sentence is necessarily appropriate when there are two more deaths in a vehicular homicide.  United States v. Lente, 2012 WL 13070047, at *4 (D.N.M. 2012)(Johnson, J.).  However, it has also stated that a guideline sentence "may be adequate" if "the victim or victims share some minor culpability — either because they themselves were intoxicated or because they willfully rode in a car with an intoxicated driver."  Id.  The two adult victims in this case had been drinking in the vehicle.  Both of their deaths are tragic, but the circumstances of this case suggest an upward departure or variance is not necessarily warranted.  That a young boy — through no fault of his own — was also jeopardized, however, puts upward pressure on the sentence, as does Unkestine's history with alcohol.  Given all of those circumstances, the United States believes an upper-end of the guideline sentence is appropriate here.

In consideration of acceptance of Defendant's plea agreement, the United States also asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement.  "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties."  Missouri v. Frye, 132 U.S. 1399, 1407 (2012).  Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement. Likewise, the United States must weigh the public and the victim's interest, if any victim exists, against the risks of proceeding to trial.  Given those considerations, the United States also believes an upper-end of the guideline sentence would be appropriate here.

## CONCLUSION

The United States requests the Court accept the plea agreement and sentence Unkestine to imprisonment for forty-six months, a $100 special penalty assessment, and supervised release for three years with conditions as set forth in attachment A of the PSR, Doc 27-1.

Respectfully submitted,
JOHN C. ANDERSON
United States Attorney

***Electronically filed on September 5, 2019***
FREDERICK T. MENDENHALL
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on September 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/ Electronically filed* _____
FREDERICK T. MENDENHALL
Assistant U.S. Attorney